**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

BRYANT SHELDON JORDAN,    )
    )
        Petitioner, pro se,    )   **MEMORANDUM OPINION**
    )   **AND RECOMMENDATION**
        v.    )
    )
UNITED STATES OF AMERICA,    )   1:09CV816
    )   1:07CR207-1
        Respondent.    )

Petitioner Bryant Sheldon Jordan, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 126).[1]   Petitioner was charged in a superseding indictment with one count of conspiracy to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), six counts of distribution of cocaine hydrochloride in violation of 21 U.S.C. § 814(a)(1) and (b)(1)(C), possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I), conspiracy to launder money in violation of interstate commerce in violation of 18 U.S.C. § 1956(h), two counts of destruction or removal of property to prevent government seizure in violation of 18 U.S.C. § 2232(a), and one count of possession of a firearm after felony convictions in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (docket no. 19).   He later pled guilty to both conspiracy counts, one count of cocaine hydrochloride distribution, possessing a firearm during a drug trafficking crime, and

_____

   [1]  This and all further cites to the record are to the criminal case.

one count of destruction or removal of property to prevent government seizure (docket nos. 55, 59). Petitioner was subsequently sentenced to a total of 322 months of imprisonment (docket no. 84).

Petitioner did file a direct appeal; however, he was unsuccessful in challenging his conviction or sentence (docket nos. 122, 123). Petitioner then filed his motion under Section 2255. In that motion he raises a single claim for relief in which he alleges that he received ineffective assistance of counsel because his attorney did not challenge his classification as a career offender for sentencing purposes. He claims that the Probation Officer who prepared the Presentence Report (PSR) used a state conviction for common law robbery to support the enhancement, but that this was not proper. Respondent has responded to the motion and seeks to have it denied (docket no. 129). Despite being notified of his right to file a reply (docket no. 130), Petitioner has not done so. Petitioner's motion is now before the court for a decision.

## DISCUSSION

As just stated, Petitioner's only claim is that his attorney provided ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See*

*Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner argues that his attorney failed him because he did not object to Petitioner's classification as a career offender at sentencing. The career offender enhancement is found in USSG § 4B1.1. A defendant qualifies as a career offender under that guideline if he is over eighteen years old at the time of the instant offense, the instant offense is a felony and either a crime of violence or a drug offense, and the defendant has at least two prior felony convictions for crimes of violence or drug offenses. Here, Petitioner contests only the third requirement, i.e. that he has the two necessary prior felony convictions. He claims that a common law robbery conviction obtained in the state courts was not a felony because he did not face a maximum sentence of more than a year in prison on that charge.

The United States Sentencing Guidelines (USSG) contain a definition for the term felony as used in Section 4B1.1. Section 4B1.1 draws its definition of "felony" from USSG § 4B1.2. Application Note One to Section 4B1.2 defines a "felony" as

-3-

an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is designated as a felony and regardless of the actual sentence imposed." The record is quite clear that Petitioner's felony conviction was a felony under this definition.

As petitioner points out, the prior conviction in question was for common law robbery, which is a Class G felony under North Carolina law. N.C. Gen. Stat. 14-87.1. The ranges of possible minimum sentences for all classes of felonies in North Carolina are set out in a table in N.C. Gen. Stat. § 15A-1340.17. Once a sentencing judge has selected a minimum sentence from within the applicable range, the minimum term is then matched to a corresponding maximum term in a second table. In determining the maximum sentence for federal sentencing purposes, this court must look at the maximum punishment in the aggravated range of the highest criminal history category. *United States v. Harp*, 406 F.3d 242, 246-47 (4th Cir. 2005)("statutory maximum" under North Carolina law is maximum punishment in aggravated range of the highest criminal history category). In this case, the highest minimum punishment in the aggravated range for a Class G felony was 36 months.[2] The corresponding maximum sentence was 44 months, which is well more than one year. Quite obviously, Petitioner's robbery conviction was a felony that properly supported his status as a career offender.

_____

[2] This was lowered to 31 months on December of 2009.

-4-

Petitioner argues that the case of *United States v. Rodriquez*, 553 U.S. 377 (2008), essentially overrules *Harp* and requires that courts determine the maximum punishment by looking at the highest term of imprisonment available to the state court in sentencing an offender in his particular criminal history category, rather than the highest category. He contends that he was sentenced in the presumptive range for a person with a criminal history category of I.

This argument fails for two reasons. First, *Rodriquez*, which deals with a sentencing scheme different from North Carolina's, does not negatively affect *Harp*. It is true that at least one court outside the Fourth Circuit has concluded that it does. *See United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). Nevertheless, the Fourth Circuit itself has not so held despite having had several chances to do so. It has continued to follow the *Harp* analysis after *Rodriquez* was decided. *United States v. Hooker*, No. 5:08-CR-361-FL, 2009 WL 1065865 (E.D.N.C. April 20, 2009) (unpublished, concluding that *Harp* is still controlling precedent after noting disagreement with *Pruitt* and that the Fourth Circuit has declined on three other occasions following *Rodriquez* to find that it overruled *Harp*). More recently, the Fourth Circuit actually considered and rejected an argument that *Rodriquez* overruled or undermined *Jones* and *Harp*. To the contrary, it stated that *Rodriquez* is "in harmony" with those decisions. *United States v. Simmons*, No. 08-4475, 2009 WL 2371939 at *3 (4th Cir. Aug. 4, 2009) (unpublished), *petition for cert. filed* (Nov. 25, 2009). Although the cases just cited are unpublished, they are still a

strong indication that *Harp* is considered to be binding precedent in the Fourth Circuit. This court must follow, rather than change, binding precedent. *Id.* Unless and until the Fourth Circuit concludes that *Harp* is not valid law, this court must follow it.

Second, even if the court were to follow Petitioner's suggested approach, he could still not prevail. The range of minimum sentences for a person convicted of a Class G felony in North Carolina and sentenced in the presumptive range with no criminal history is 10 to 13 months. Thirteen months is itself more than a year. Also, the corresponding maximum sentence is 16 months. Therefore, even considering Petitioner's particular characteristics, he faced a possible maximum sentence of 16 months. Whether the maximum sentence is calculated under *Harp* or *Pruitt*, Petitioner faced a maximum sentence of more than a year in prison for his robbery sentence. That conviction was properly used to support the career offender enhancement under Section 4B1.1 of the USSG. Petitioner's attorney had no grounds to file an objection and did not prejudice Petitioner by failing to do so. This means that Petitioner cannot establish either prong of the *Strickland* test. His Section 2255 motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 126) be **DENIED** and that Judgment be entered dismissing this action.

WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
June 3, 2010